# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| APRIL C. HAMLIN, | ) |
| Plaintiff, | ) )  ) |
| v. | )  Civil Action No. 11-907 )  Hon. Nora Barry Fischer )  ) |
| THE WESTERN DISTRICT FEDERAL COURT OF PENNSYLVANIA, | ) )  ) |
| Defendant. | ) |

## ORDER OF COURT

Presently before the Court is a "Complaint to reinstate and amend case no. 11-907" (Docket No. [3]) filed by Plaintiff April Cherise Hamlin on July 18, 2011. The Court construes Plaintiff's submission as a motion for reconsideration of the Court's July 12, 2011 Order, dismissing this case for lack of subject matter jurisdiction. (*See* Docket No. 2). For the following reasons, Plaintiff's motion for reconsideration [3] is denied.

"Motions for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure are granted *sparingly* '[b]ecause federal courts have a strong interest in finality of judgments.'" *Jacobs v. Bayha*, Civ. A. No. 07-237, 2011 WL 1044638, at *2 (W.D.Pa. Mar. 18, 2011) (quoting *Continental Cas. Co. v. Diversified Indus., Inc.*, 884 F.Supp. 938, 943 (E.D.Pa. 1995)) (emphasis added). "Because of the interest in finality, at least at the district court level … the parties are not free to relitigate issues the court has already decided." *Williams v. City of Pittsburgh*, 32 F.Supp .2d 236, 238 (W.D.Pa.1998) (citing *Rottmund v. Continental Assurance Co.*, 813 F.Supp. 1104, 1107 (E.D.Pa.1992)). The purpose of a motion for reconsideration is "'to correct manifest errors of law or

1

fact or to present newly discovered evidence.'" *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)). A Court may grant a motion for reconsideration if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence which was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *Max's Seafood Café by Lou Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. Cigna Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).

Plaintiff's present submission consists of essentially an amended complaint setting forth many of the same allegations as those included in her in initial Complaint, which was dismissed for lack of subject matter jurisdiction. (Docket No. 3). On review, the allegations contained in Plaintiff's "Complaint to reinstate and amend case no. 11-907" demonstrate to the Court that this case was appropriately dismissed. (*Id.*). As the Court recognized in its July 12, 2011 Order, a district court does not have jurisdiction to adjudicate a collateral attack on orders issued regarding separate civil actions. *See Gagliardi v. Standish*, 2011 WL 2410989, at *1 (3d Cir. Jun. 16, 2011) ("A district court lacks "jurisdiction to adjudicate collateral challenges in the nature of appeals."). To this end, it is plainly inappropriate to file a lawsuit against the United States District Court for the Western District of Pennsylvania in an effort to seek that those lawsuits be reopened.[1] Accordingly, as this Court lacks subject matter jurisdiction over the present matter, this case was properly dismissed. *See* Fed.R.Civ.P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

---

[1] The Court notes that Plaintiff filed motions for reconsideration in Civil Actions 11-568 and 11-881, which

2

For these reasons, Plaintiff's motion for reconsideration [3] is denied.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Date: August 2, 2011

cc: April Cherise Hamlin, *pro se*
P.O. Box 334
Pittsburgh, PA 15230-0334
(regular and certified mail)

---

were denied. (Civ. A. No. 11-568, Docket No. 5; Civ. A. No. 11-881, Docket No. 5).